UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARON L. SWAN,<br><br>                     Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                     Defendant. | NO: 12-CV-0559-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 11 and 12). Plaintiff is represented by Maureen J. Rosette. Defendant is represented by Daphne Banay. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on July 25, 2009. Tr. 237-246, 247-250. These applications were denied initially and upon reconsideration, and a hearing was requested. Tr. 112-116, 133-135, 138-141, 144-145. Hearings were held before an Administrative Law Judge on January 19, 2011, April 5, 2011, and September 16, 2011. Tr. 22-105. The ALJ rendered a decision denying Plaintiff benefits on October 12, 2011. Tr. 19-32.

The ALJ found that Plaintiff meets the insured status requirements of Title II of the Social Security Act through September 30, 2013. Tr. 24. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2008, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff had severe impairments consisting of chronic diarrhea, refractory urge incontinence, obesity, and painful wrist secondary to osteoarthritis. *Id*. At step

1  three, the ALJ found that Plaintiff's impairments did not meet or medically equal a

2  listed impairment. Tr. 25-27. The ALJ then determined that Plaintiff had the

3  residual functional capacity to:

4        perform light work as defined in 20 C.F.R. 404.1567(b) and
         416.967(b) with the ability to: lift and/or carry and push and/or pull up
5        to 10 pounds frequently and 20 pounds occasionally; sit up to 6 hours
         in an 8 hour work day with normal breaks; stand and/or walk at least 6
6        hours in and 8 hour day with normal breaks; and, occasionally stoop.
         The claimant should only occasionally climb ramps, climb stairs,
7        kneel, crouch, crawl and never climb ladders, ropes or scaffolds. The
         claimant should also avoid concentrated exposure to hazards, such as
8        machinery and heights. Furthermore, the claimant should be in close
         proximity to a bathroom.
9

10 Tr. 27. At step four, the ALJ found that Plaintiff was able to perform her past

11 relevant work as an office assistant. Tr. 31. In light of this step four finding, the

12 ALJ concluded that Plaintiff was not disabled and denied her claims on that basis.

13 Tr. 31-32.

14     Plaintiff requested review by the Appeals Council and submitted additional

15 evidence, a vocational report from Robert Cornell. Tr. 292-306. The Appeals

16 Council denied Plaintiff's request for review on September 11, 2012, making the

17 ALJ's decision the Commissioner's final decision for purposes of judicial review.

18 Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

19 ///

20 ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

ISSUES

Plaintiff raises three issues for review: whether the ALJ properly considered the opinion of a reviewing physician, Dr. Reuben Beezy (ECF No. 11 at 6-7, 9); whether the ALJ properly discounted Plaintiff's testimony regarding the "frequency with which she needed to use the bathroom throughout the day" (*id*. at 7-8); and whether a vocational expert was needed to "testify regarding [Plaintiff's] non-exertional limitations" specifically her need to use the bathroom frequently (*id*. at 7, 9-10).

DISCUSSION

**A. Reviewing Physician's Opinion**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201 -1202 (9th Cir. 2001) (citations omitted) (brackets in original). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id*. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of

nonspecialists. *Id*. (citations omitted). A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id*. at 1203, n. 2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citations omitted).

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for discounting Dr. Beezy's opinion that Plaintiff should have access to a bathroom

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

on an as-needed basis. Plaintiff observes that the ALJ gave great weight to Dr. Beezy's opinion yet failed to include this limitation in his residual functional capacity assessment.

Dr. Beezy testified he agreed Plaintiff was capable of light work (Tr. 59) and she could maintain full-time work on a regular, continuous basis in a competitive work environment (Tr. 60). With respect to her need to go to the bathroom, Dr. Beezy testified that she should have access to a bathroom on an as needed basis. Tr. 61-62. Dr. Beezy, a non-examining physician, then clarified his opinion:

> It is hard for me to know how often she went to the bathroom. Her symptoms seem to be worse at night anyhow. And you would think that with probably medications, it shouldn't be a terribly significant problem. I didn't see that it was more than moderate.

Tr. 62. The ALJ found:

> Dr. Beezy opined there were likely some functional limitations due to irritable bowel syndrome with chronic diarrhea . . . Yet, evidence also showed she was negative for irritable bowel syndrome and there is an indication medications or lactose intolerance contribute to her diarrhea symptoms.

Tr. 29. The ALJ formulated his residual functional capacity assessment, as set forth in full above, with the qualifier, "Furthermore, the claimant should be in close proximity to a bathroom." Tr. 27.

In support of her arguments, Plaintiff cites to a January 4, 2011 medical clearance letter from her treating urologist, Dr. Sayres, that reads, "This patient is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

currently under my care for a medical condition that <u>may</u> require her to frequently use the restroom." *Id.*; Tr. 386 (emphasis added).  Dr. Sayres' statement does not establish any greater limitation than the ALJ's residual functional capacity finding. As the ALJ correctly observed, "her treating source, William Sayres, M.D. stated she had bowel issues consistent with IBS, but did not opine any greater restrictions than what is accounted for in the residual functional capacity in this decision."

The ALJ considered the medical opinion evidence in context and substantial evidence in the record supports the ALJ's residual functional capacity findings. No error has been shown.

### B. Adverse Credibility Findings

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 404.1508.  A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 404.1508; 404.1527.  Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.*  This rule recognizes that the

severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

The ALJ may "disregard self-serving statements made by claimants if it finds them to be incredible on other grounds. Relevant factors can include the claimant's engagement in activities inconsistent with a claim of disability, an unexplained or inadequately explained failure to seek treatment, or other ordinary methods of credibility determination." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citations omitted).

1    Plaintiff argues that the ALJ did not provide clear and convincing reasons

2 for discounting her "testimony that she used the bathroom 30 times per day." ECF

3 No. 11 at 8.

4    Here, the ALJ thoroughly recounted Plaintiff's testimony that she could not

5 work because she had to go to the bathroom frequently; "she needed to go 30 times

6 a day," she wore "Depends or pads in the day and night," and "in an eight-hour day

7 she could only work half the time because she needed the remaining four hours to

8 go to the bathroom." Tr. 28. The ALJ found:

> [T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible in finding she is totally disabled. Furthermore, a trier of fact is required to determine a witness' credibility in consideration of all the circumstances, including her demeanor while testifying, her interest in the outcome, the extent to which her testimony is contradicted or corroborated by other evidence, and any other circumstances which tend to shed light upon his credibility.

Tr. 29. The ALJ made a specific credibility finding, "Although the inconsistent

information provided by the claimant may not be the result of a conscious intent to

mislead, the inconsistencies suggest the information provided by the claimant

generally may not be entirely reliable." Tr. 28. The ALJ noted several

inconsistencies, including that she claimed not to smoke or drink, yet the medical

records document as much during the relevant time period, and that she claimed

she could not lift more than two pounds, but then retracted this claim at the hearing. *Id*.

Most significantly, the ALJ observed that her self-serving statements could not "be objectively verified with any reasonable degree of certainty with objective medical facts or diagnostic testing." Tr. 29. In that regard, the ALJ found:

> The undersigned is influenced by a treating source opinion he could not continue to justify to her caseworker her not working and she had not been consistent with follow-up recommendations. (See Ex. 1 F) Furthermore, in 2011, her treating source, William Sayres, M.D. stated she had bowel issues consistent with IBS, but did not opine any greater restrictions than what is accounted for in the residual functional capacity in this decision.

Tr. 30.

Having thoroughly reviewed the record, the Court finds that the ALJ's discounted credibility findings regarding the extent of Plaintiff's limitations is specific, clear and convincing and supported by substantial evidence

**C. Whether a Vocational Expert was Required at Step 4**

As a threshold matter, the Court finds that it may properly consider Mr. Cornell's report since the Appeals Council considered it in denying Plaintiff's request for review and incorporated it into the administrative record. Tr. 1-2, 5, 292-306; *see Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162–63 (9th Cir.2012) ("[W]e hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of

the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

Plaintiff has the burden at step 4 to show that she is incapable of performing her past relevant work. Accordingly, the Commissioner is not required to call a vocational expert at this point in the sequential evaluation process. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (since claimant failed to show that he was unable to return to his previous job, the burden of proof remained with him and while the vocational expert's testimony was useful, it was not required); *Miller v. Heckler*, 770 F.2d 845, 850 (9th Cir. 1985) (The Secretary is required to produce vocational evidence only when the claimant has shown that he or she cannot perform any previous relevant work.).

The crux of Plaintiff's argument is that the ALJ allegedly did not include the limitation that she needed to use the restroom 30 times a day. Having found the Commissioner's rejection of that limitation to be free from legal error, this issue concerning a vocational expert also fails.

///

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1 | The District Court Executive is hereby directed to file this Order, enter

2 | Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

3 |     **DATED** October 2, 2013.



                  THOMAS O. RICE
              United States District Judge